**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| WARREN RUSSELL, | ) | CIVIL ACTION NO. 9:14-4035-JMC-BM |
| #316802, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| WARDEN, LEE CORR. INST., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on October 13, 2014.[1]

       The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 2, 2015. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on March 3, 2015, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to summary judgment on May 7, 2015, and a second memorandum in opposition to summary judgment on September 14, 2015.

       This matter is now before the Court for disposition.[2]

---

[1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local (continued...)



## **Procedural History**

Petitioner was indicted in the June 2007 term of the Richland County Grand Jury for assault with intent to kill (AWIK) [2007-GS-40-3647], discharging a firearm into a dwelling [2007-GS-40-3649], possession of a weapon during the commission of a violent crime [2007-GS-40-3648], three counts of assault and battery with intent to kill (ABWIK) [2007-GS-40-4163, 4166, & 4322], blackmail [2007-GS-40-4165], two counts of kidnapping [2007-GS-40-4164 & 4167], and possession with intent to distribute crack cocaine [2007-GS-40-3669]. (R.pp. 66, 365-366, 370-371, 375-376, 380-381, 383-384, 386-387). Petitioner was also indicted in the February 2008 term of the Richland County Grand Jury for ABWIK [Indictment No. 2008-GS-40-1683] (later amended [Indictment No. 2008-GS-40-1684]), and kidnapping [2008-GS-40-1681]. (R.pp.389-390, 392-393).

Petitioner proceeded to a jury trial on his charges on February 25, 2008. See Return, p.2. He was represented by Mark E. Schnee, Esquire, and Kristy M. Grafton, Esquire. On February 28, 2008, the jury indicated during deliberations that it was deadlocked as to all but one of the charges. (R.p. 31). After the jury returned to deliberate, Petitioner entered into a plea agreement with the State, in which he pled guilty to three counts of ABWIK, three counts of kidnapping, blackmail, and possession with intent to distribute crack cocaine, second offense. His remaining charges were then nolle prosequi by the State. (R.p. 66). The trial judge sentenced Petitioner to fifteen (15) years' imprisonment for each count of ABWIK, fifteen (15) years' imprisonment for each count of kidnapping, fifteen (15) years' imprisonment for possession with intent to distribute crack cocaine, and ten (10) years' imprisonment for blackmail, all concurrent. (R.pp. 88-89).

---

[2](...continued)
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner did not file a direct appeal challenging his convictions or sentences. However, on November 5, 2008, Petitioner filed an application for post-conviction relief (APCR) in state circuit court; <u>Warren Russell v. State of South Carolina</u>, No. 2008-CP-40-7960 (R.pp. 92-110); in which he raised the following issues:

> **Ground One:** <u>Ineffective Assistance of Counsel</u>. A) Failure to file 1st and 2nd post trial remedies[;] B) extremely inflammatory and highly prejudicial comment in closing argument to the jury[:] C) failure to address defendant requested legal issues in pretrial, causing prejudicial effects in later proceedings and events that prejudice ensuing trial[;] D) failure to request the grand jury minutes, when defendant requested counsel to challenge the indictments[;] E) Defendant being charged, Indicted, and sentence under wrong offense to increase punishment.

> **Ground Two:** <u>Prosecutorial Misconduct</u>. A) Prosecutor was the sole witness before the grand jury, prosecutorial abuse before the grand jury by generating indictment with a true bill with no last name of victim[;] B) Prosecutor deliberately charged, indicted and sentence defendant under the wrong offense to deliberately and vindictively increase the punishment.

(R.pp. 99-110). After obtaining counsel, Petitioner (through counsel) further amended his claims, to include a claim that Petitioner requested but counsel did not file a direct appeal, and requesting a belated appeal. (R.pp. 140-141).

An evidentiary hearing was held on December 8, 2009 to consider Petitioner's PCR application, at which he was represented by Tricia A. Blanchette, Esquire. (R.pp. 144-219). The PCR judge thereafter denied Petitioner's application by way of order of dismissal dated February 4, 2011. (R.pp. 268-290). A supplemental hearing was held on July 26, 2011 to consider several post-trial motions raised by Petitioner; (R.pp. 291-320);[3] following which the PCR judge denied Petitioner's post-trial motions by order dated October 10, 2012. (R.pp. 362-364).

After receiving permission form the South Carolina Supreme Court to proceed <u>pro se</u>,

---

[3] <u>See</u> <u>also</u>, Court Docket No. 37-2, pp. 171-175.



Petitioner filed a pro se petition for a writ of certiorari in the South Carolina Supreme Court appealing the denial of his PCR application. See Court Docket No. 37-8. Petitioner raised the following issues in his petition for a writ of certiorari:

> Did petitioner knowingly and intelligently waive his right to a direct appeal[.] Was trial counsel ineffective for failing to inform petitioner about the advantages and or disadvantages of his direct appeal, when petitioner requested counsel to file said appeal.
>
> Was the State Court decision based on an unreasonable determination of the facts presented as evidence[.] Was the State Court decision "Contrary" to or involved an "Unreasonable" application of clearly established federal law.
>
> A) Counsel was ineffective for failing to object to the guilty verdict returned by the Jury, its revelation in court, failing to inquire and or investigate the mitigating circumstances of said jury verdict, failed to appreciate the meaning of appealable law and court procedures.
>
> B) Counsel was ineffective in failing to object to the jury's revelation of its numerical division and decisional disagreement of 11 to 1, after the first Allen charge.
>
> C) Counsel failed to object to the trial courts ex-parte communication with the sole hold out, Juror #120.
>
> D) Counsel failed to object "properly" to the court's second unconstitutionally coercive Allen charge directed at the minority voter on the jury.
>
> E) Counsel's failure to object to the trial court's efforts to coerce a guilty plea.
>
> F) Failing to properly advise petitioner of the consequences of future constitutional rights to be waived with the participation of Community Supervision Program.
>
> G) [F]ailed to object to the knowing presentation of perjured testimony.
>
> H) Ineffective Assistance of counsel in initial Review of Collateral proceedings[.]
>
> I) Involuntary and Unintelligent guilty plea[.]
>
> J) Judicial initiation of guilty plea[.]
>
> K) Double Jeopardy[.]



L) Manifest Necessity for a mistrial / Abuse of discretion trial court[.]

M) Unconstitutionally Coercive Allen charge / Abuse of discretion trial court[.]

N) Lack of probable cause[.]

O) Impermissible prejudicial closing argument[.]

<u>See</u> Court Docket Nos. 37-8.

The South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari on October 8, 2014, and issued the remittitur on October 24, 2014.  <u>See</u> Court Docket Nos. 37-12, 37-13.

Petitioner then filed this federal habeas petition on October 13, 2014, raising the following issues:

**Ground One:** Did the lower court err in ruling that counsel was effective in failing to inform petitioner of his rights to a direct appeal, and was it an knowingly and intelligently waiver of the petitioners right to direct appeal, when petitioner requested counsel to perfect the appeal, because of the many trial errors which lead to the involuntary, unintelligent plea.

**Ground Two:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal the guilty verdict reached by the jury, read in open court, with no dissent by any jurors, on one count of eight.

**Ground Three:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal the jury's revelation of its numerical division and decisional disagreement of 11 to 1 deadlocked after the first <u>Allen</u> charge, and failed to respond to the exigencies of the moment, or help to craft a meaningful response to the jury inquiry.

**Ground Four:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal the trial court's ex parte communication with the sole hold out juror knowing the numerical division and decisional disagreement of 11 to 1, and was said judicial ex-parte communication an abuse of discretion.

**Ground Five:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal, trial court's 2nd unconstitutional coercive <u>Allen</u> charge, after knowing the jury's numerical division, and decisional disagreement of



11 to 1.

**Ground Six:** Did the lower court error in ruling that counsel was effective in failing to object and preserve for appeal, trial court's initiation of the plea agreement, and amount of time to be served.

**Ground Seven:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal, the court's failure to advise petitioner that the State's Community Supervision Program contained statutory provisions where by a new and additional one year prison sentence would be imposed by the court without petitioner having the benefit of notice appointment of counsel, or jury trial, or that successive prison sentence could be imposed for successive violations offenses, which could act to double the sentence originally imposed and beyond the maximum advised by the plea court or agreed to by petitioner.

**Ground Eight:** Did the lower court err in ruling that counsel was effective in failing to object and preserve for appeal the State's presentation of known perjured testimony, prosecutorial misconduct, and fraud upon the court by officers of the court.

**Ground Nine:** Did the lower court err in ruling that PCR counsel was effective in failing to sufficiently and adequately raise petitioners meritorious issues for a belated direct appeal.

**Ground Ten:** Did the lower court err in ruling that counsel was effective in failing to make sure the record reflects a factual basis for said plea, was it err for the trial court to enter a judgment upon a guilty plea without such inquiry, because the record is void of any factual basis or notice of details for the negotiation for the plea, was petitioner's due process violated and is that a deprivation claim based on no reviewable record for appeal.

**Ground Eleven:** Did the lower court err in ruling that trial counsel was effective for failing to object and preserve for appeal the successive prosecution, once by way of jury verdict at trial, and the second time by way of the court's initiation of the plea, on this same count.

**Ground Twelve:** Did the lower court err in ruling that counsel was effective for failing to object and preserve of appeal the abuse of discretion by the trial court for not calling a "mistrial" based on "manifest necessity" for the deadlocked jury.

**Ground Thirteen:** Did the lower court err in ruling that trial counsel was effective in failing to object and preserve for appeal and challenge the lack of probable cause for the initial warrantless arrest, and petitioner re-arrest 14 day later for the original probable cause determination.



**Ground Fourteen:** Did the lower court err in ruling that trial counsel was effective in making impermissible prejudicial statements to the jury in closing argument, and that petitioner was not prejudiced by said comment to the jury to find petitioner guilty.

**Ground Fifteen:** Did the lower court err in ruling that trial counsel was effective for failing to object to and preserve for appeal, the States attempt of the super indictment, in violation of S.C. Code § 22-5-320, and for not objecting to the courts lack of jurisdiction, pursuant to 40 U.S.C.A. § 255, note #14.

**Ground Sixteen**: Did the lower court err in ruling that PCR court did not abuse its discretion in setting aside Petitioner's default judgment, when the state failed to respond, deferred, and failed to show good cause as required by law. Was the PCR court decision to set aside default judgment controlled by error of law without evidentiary support.

<u>See</u> Petition (attachment), Court Docket No. 1-1, , pp. 25, 55, 65, 69, 81, 91, 103, 115, 121, 131, 139, 145, 153, 161, 171, 177 (errors in original).

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent initially contends it is entitled to summary judgment on Ground One of



Petitioner's habeas petition (ineffective assistance of counsel for failure to file a direct appeal). Specifically, Respondent argues the PCR judge's decision denying this claim was based on a reasonable determination of the facts and an application of well-established Supreme Court precedent. The State Supreme Court denied Petitioner's appeal of this issue, and therefore it is exhausted and properly before this Court for review.

This Court may only grant habeas relief with respect to any claim that was adjudicated on the merits in state court if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See § 2254(d)(1-2); see also Williams v. Taylor, 529 U.S. 362, 411 (2000) ["[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."]. After careful review of the arguments submitted, the undersigned does not find that Petitioner has established entitlement to relief under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears burden of proving his allegation when seeking a writ of habeas corpus].

Generally, where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 694 (1984). In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so



serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985).

Then, with respect to an appeal, where the Petitioner alleges he did not knowingly and intelligently waive his right to a direct appeal, the Supreme Court has held "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  In the context of a guilty plea (as is the case here), "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."  Id.

Here, Petitioner claims in his Ground One that his trial counsel was ineffective because they failed to file a direct appeal upon Petitioner's request, following Petitioner's guilty plea. See Petition, p.13.  Petitioner claims that trial counsel did not consult with Petitioner about a direct appeal, and instead ended his representation after the plea hearing.  See Petition, p.16.

At the PCR hearing, petitioner testified he asked counsel to file an appeal; however, trial counsel testified he did not recall being asked to file an appeal. (R.pp.191-92, 214).  The PCR judge found Petitioner failed to prove he was entitled to a belated direct appeal, concluding that



Petitioner's testimony that he requested trial counsel to file an appeal was incredible, and that no extraordinary circumstances existed that would have caused Petitioner to wish to file an appeal. The PCR judge further found trial counsel's testimony that Petitioner never requested he file an appeal was credible. (R.p.287). In the face of conflicting testimony on this issue, the undersigned cannot find the PCR judge's credibility determination was unreasonable in view of the facts presented. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ["We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' "] [quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)]; Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."].

Further, Petitioner has not shown that trial counsel had a duty to consult with him about an appeal in this case because the record does not reflect that Petitioner indicated to counsel that he wished to file an appeal, and Petitioner has not presented a non-frivolous issue that would have caused trial counsel to believe Petitioner rationally wanted to file an appeal. See Roe v. Flores-Ortega, supra. At the PCR hearing, Petitioner testified he wanted trial counsel to appeal the trial judge's second Allen charge. (R.pp. 186, 190). However, this issue would not have been cognizable in an appeal from a guilty plea. See State v. Rice, 737 S.E.2d 485, 485-86 (S.C. 2013) ["[I]n South Carolina, a guilty plea constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights."]. Petitioner also testified he wanted to appeal on the issue of double jeopardy; (R.p. 190); however, that claim is patently without merit. See, discussion, infra. See also, Rice, 737 S.E.2d at 485-486. Accordingly, the PCR judge's finding that Petitioner was not entitled to a belated



direct appeal was not contrary to clearly established federal law.

Therefore, the Respondent is entitled to summary judgment on Ground One of Petitioner's habeas petition.

## II.

Respondent contends it is entitled to summary judgment on Petitioner's Grounds Five, Eleven, and Thirteen because these claims were all waived when Petitioner pled guilty.

When a defendant pleads guilty, he waives all non-jurisdictional defenses and claims of constitutional violations; and at PCR, he can only attack the voluntary and knowing nature of his plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ["When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea . . . he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."] [citing McMann v. Richardson, 397 U.S. 759, 770 (1970)]; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) ["A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."]; see also State v. Munsch, 338 S.E.2d 329, 330 (S.C. 1985) ["Guilty pleas act as a waiver of all non-jurisdictional defects and defenses[,]" and leaves open for review only the sufficiency of the indictment].

Grounds Five and Thirteen of Petitioner's habeas petition were waived by Petitioner's guilty plea because both concern purported constitutional errors that occurred before Petitioner's guilty plea that are not logically inconsistent with Petitioner's guilt. Specifically, in Ground Five,



Petitioner alleges trial counsel was ineffective because he did not object to the trial judge's second Allen charge. Because this claim concerns a purported error in the procedure of the trial, and not the jurisdiction of the court or the voluntariness of Petitioner's guilty plea, Petitioner's right to raise this issue during collateral review was waived when he pled guilty. See Tollett, supra. In Ground Thirteen, Petitioner alleges trial counsel was ineffective for not challenging his arrest based on a lack of probable cause. Again, the State's lack of probable cause to effect the detention of Petitioner would not deprive the trial court of jurisdiction to try Petitioner. See generally State v. Gentry, 610 S.E.2d 494 (S.C. 2005). Accordingly, as a purported non-jurisdictional defect, Petitioner's challenge to the State's lack of probable cause for his arrest was waived when he pled guilty. See Pitts v. Warden Lee Corr. Inst., No. 3:11-2093, 2012 WL 4009638 at * 3 (D.S.C. July 26, 2012) [finding habeas petitioner was not entitled to relief on his claim that the State lacked probable cause for his arrest because, by pleading guilty, petitioner waived all non-jurisidictional defects to his conviction], adopted by, 2012 WL 4006332 (D.S.C. Sept. 11, 2012); see also State v. Snowdon, 638 S.E.2d 91, 93 (S.C. 2006) ["Having pled guilty to breach of peace, Snowdon has waived any objection he may have had, and cannot, therefore, assert constitutionally based violations attendant to his initial arrest and the legal consequences flowing therefrom."].

        As to Ground Eleven, the undersigned does not agree with Respondent's contention that this issue was *necessarily* waived by Petitioner's guilty plea. A guilty plea does not waive a double jeopardy claim where the charge on its face is one that the State may not constitutionally prosecute. Menna, 423 U.S. at 62 n. 2. However, Petitioner's double jeopardy claim is impossible to evaluate in this context because double jeopardy is not applicable to Petitioner's case. Petitioner argues double jeopardy applies to his guilty plea to the drug charge because the jury had reached a



unanimous verdict of guilty as to this charge before he pled.  <u>See</u> Petition, pp.139-143.  However, the record shows the jury did not reveal which charge they had reached a unanimous verdict on, or what that verdict was.  <u>See</u> (R.pp. 31-32, 37-38).  In any event, double jeopardy only bars a subsequent trial for the same charges, not an alternative manner of finding guilt.  <u>See</u> <u>Arizona v.</u> <u>Washington</u>, 434 U.S. 497, 503 (1978) ["The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal. . . . [A]s a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial."].  Accordingly, while Ground Eleven may not have been waived by Petitioner's guilty plea, the claim is patently frivolous.  <u>Cf</u>. <u>Williams v. Warden Perry Correctional Institution</u>, No. 10-829, 2011 WL 826385 at No. * 3 (D.S.C. Mar. 2, 2011) [In overruling Petitioner's objection that double jeopardy applied because he was acquitted on a charge that he subsequently plead guilty to, the Court held that "petitioner was not acquitted - a mistrial was declared which is the equivalent of no trial and leaves the case pending in the circuit court."].

Therefore, Respondent is entitled to summary judgment as to Grounds Five and Thirteen because they were waived by Petitioner's guilty plea, and as to Ground Eleven because the claim is without legal merit.

### III.

Respondent contends it is entitled to summary judgment on Grounds Two, Three, Four, Six, Seven, Eight, Ten, Twelve, and Fourteen because these claims are procedurally defaulted. Respondent argues these grounds were not specifically addressed in the PCR judge's order of dismissal, so even though raised in Petitioner's PCR appeal, they were not preserved for appellate review.  Except as to Ground Eight, the undersigned agrees.



Two, Three, Four, Six, Seven, Ten, Twelve, and Fourteen were not preserved for appellate review in state court and are therefore procedurally defaulted because they were not raised before and ruled on by the PCR judge. See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009) [finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; State v. Dunbar, 587 S.E.2d 691, 693-694 (S.C. 2003) ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]. Further, because Petitioner did not properly preserve these issues in his PCR appeal, and as there are no current state remedies for Petitioner to pursue, these issues are fully exhausted. See Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991) [finding South Carolina collateral review courts will not entertain successive PCR applications for claims that could have been raised in the applicant's first PCR application]. As such, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. See Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State

14



> procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In his reply to Respondent's summary judgment motion, Petitioner argues he has cause for his procedural default on these claims because PCR counsel was ineffective for waiving Petitioner's right to discovery during the PCR proceeding. See Reply, p.14. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of PCR counsel (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not



part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . .the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, in Martinez the Supreme Court carved out a "narrow exception" that modified

> "the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons.  First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." Id. at ___, 132 S.Ct. at 1317.

> Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317. But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review.  Id. at ___, 132 S.Ct. at 1317-1318.  That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.

> Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were Coleman read broadly) deprive a defendant of any review of that claim at all.  Martinez, supr a at ___, 132 S.Ct. at 1316.



> We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>see also</u> <u>Gray v. Pearson</u>, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013) ["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. <u>Coleman</u>, 501 U.S. at 757. The Court established an exception to that rule in <u>Martinez</u>."] Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in a PCR application; <u>cf.</u> <u>State v. Felder</u>, 351 S.E.2d 852 (S.C. 1986); <u>Bryant v. Reynolds</u>, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); <u>Gray</u>, 526 Fed.Appx. at 335; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for his default has been considered hereinbelow under the revised standard of <u>Martinez</u> and <u>Trevino</u>.

Under the first requirement of the <u>Martinez</u> exception, the petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." <u>Gray</u>, 526 Fed.Appx. at 333. Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel in his PCR application if it had been raised. Secondly, Petitioner must then show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising this



claim. <u>Ford v. McCall</u>, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013) (citing

<u>Horonzy v. Smith</u>, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012) ["The application

of the <u>Strickland</u> test in this instance means that Petitioner is required to show that counsel's

representation during the post-conviction proceeding was objectively unreasonable, and that, but for

his errors, there is a reasonable probability that Petitioner would have received relief on a claim of

ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high

one."]. For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under

this standard with respect to PCR counsel.

       As previously noted, where allegations of ineffective assistance of counsel are made,

the question becomes "whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466

U.S. at 686. Petitioner must show both that counsel's performance was deficient, (i.e., that counsel

made errors so serious that counsel's performance was below the objective standard of reasonableness

guaranteed by the Sixth Amendment), and that counsel's deficient performance prejudiced the defense

such that the petitioner was deprived of a fair trial. In order to show prejudice a defendant must show

that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would

have been different. <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow,

Petitioner has failed to meet his burden of showing trial counsel was ineffective under this standard.

<u>Smith</u>, 528 F.2d at 809 [petitioner bears the burden of proving his allegations when seeking a writ

of habeas corpus]. Therefore, Petitioner has also failed to show any substantial claim in order to

overcome his procedural bar; <u>Gray</u>, 526 Fed.Appx. at 333; and as a result of this finding, any claim

of ineffectiveness of PCR counsel also fails. <u>Trevino</u>, 133 S.Ct. at 1917-1918.



First, and contrary to Petitioner's contention that the reason these claims were procedurally defaulted is because PCR counsel waived petitioner's right to discovery in the PCR proceeding, the actual cause of the procedural default in this case was PCR counsel's failure to raise these issues in a post-trial motion, thereby failing to preserve the issues for appellate review. See Dunbar, 587 S.E.2d at 693-694. Even if Petitioner had a right to discovery in non-capital collateral proceedings, which he does not absent an order from a judge exercising his or her discretion and finding good cause exists,[4] no amount of evidence presented by Petitioner would have prevented his procedural default if these issues were not properly raised in a post-trial motion to preserve them for appellate review. Therefore, this argument by the Petitioner is without merit.

Regardless, Petitioner has failed to show Grounds Two, Three, Four, Twelve, and Fourteen of his Petition are "substantial claims" because, as ineffective assistance of trial counsel claims related to the constitutional deprivations antecedent to Petitioner's guilty plea, theses issues were waived when Petitioner pled guilty. See Discussion Section II, supra. Because these claims are patently without merit, Petitioner has failed to show that PCR counsel was ineffective for failing to raise these issues as ineffective assistance of trial counsel claims at the PCR proceeding. See Martinez, 501 U.S. at 750; Trevino v. Thaler, supra.

As to Grounds Six, Seven, and Ten, which all relate to the voluntariness of Petitioner's guilty plea, Petitioner has again failed to show that these claims are "substantial," or that PCR counsel was ineffective for failing to raise them at the PCR proceeding. With respect to Ground Six (ineffective assistance of counsel for failure to object to the trial judge's initiation of plea negotiations), a trial judge may participate in plea discussions, absent evidence of coercion, of which

---

[4] See S.C. Code Ann. § 17-27-150 (2014).



Petitioner has presented no evidence. See Medlin v. State, 280 S.E.2d 648, 649 (S.C. 1981) [finding no error in the trial judge's participation in plea negotiations where the defendant was not coerced by the trial judge's participation]. Petitioner has presented no cogent argument to show coercion by the trial judge in this case.

As for Ground Seven (ineffective assistance of counsel for failure to advise Petitioner about the consequences of the community supervision program), trial counsel stated at the plea hearing that Petitioner understood "what community supervision would require," and Petitioner has presented no evidence refuting that statement. (R.pp. 84-85). Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)).

As for Ground Ten (ineffective assistance of counsel for failure to object to the insufficient factual basis for the plea), the record shows the trial judge relied on the facts presented at trial as the factual basis for Petitioner's guilty plea, and Petitioner not only acknowledged the trial judge's reliance on the trial facts at his guilty plea but stated he did not feel anything needed to be changed or added to those facts. (R.pp. 69-70, 74). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall, 459 U.S. at 431-432).

20



Therefore, because Petitioner has failed to show his underlying ineffective assistance of counsel claims of Grounds Six, Seven, and Ten are substantial, or that PCR counsel was ineffective for failing to properly raise them at the PCR proceeding, he has failed to demonstrate cause to excuse his procedural default as to these claims. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also Martinez v. Ryan, supra; Trevino v. Thaler, supra.

Finally, with respect to Ground Eight (ineffective assistance of counsel for failure to object to perjured testimony; and prosecutorial misconduct), the undersigned does not (considering the allegations of the pro se Petitioner under the liberal rules for pro se pleadings) find this claim to be procedurally defaulted. Although Petitioner did not present any evidence at the PCR hearing to support this claim, Petitioner and trial counsel did testify about their discussions on the grand jury process, the evidence presented to the grand jury, and why the indictments were amended. (R.pp. 164-65, 170). The PCR judge construed this testimony to be part of Petitioner's claim of prosecutorial misconduct and found the claim was without merit. (R.pp. 282, 284). Accordingly, this claim is not procedurally defaulted because it was raised to and ruled on by the PCR judge, and was also raised in Petitioner's petition for a writ of certiorari to the South Carolina Supreme Court. See Coleman, 501 U.S. at 750; Dunbar, supra. Even so, on the merits Petitioner has failed to show ineffective assistance of trial counsel, as theses issues were waived when Petitioner pled guilty. See Discussion Section II, supra.

## IV.

Respondent contends it is entitled to summary judgment on Grounds Nine and Fifteen of Petitioner's habeas petition because these claims are not cognizable federal habeas issues. The undersigned agrees.



Ground Nine (ineffective assistance of PCR counsel for failing to "effectively" raise Petitioner's belated direct appeal claim in the PCR proceeding) is not a cognizable claim. First, PCR counsel *did* raise the issue of a belated appeal in Petitioner's PCR proceedings. (R.p. 140-141). This claim was denied by the PCR Court. (R.pp. 285-287). Second, this is not a cognizable claim. See 28 U.S.C. § 2254(i) ["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; see also Martinez 132 S.Ct. at 1320 [stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim].

Ground Fifteen (ineffective assistance of counsel for failing to object to the trial court's lack of subject matter jurisdiction) is also not a cognizable claim because a state court's subject matter jurisdiction is a matter of state law, and not reviewable by a federal habeas court. Petitioner's argument that the trial court lacked subject matter jurisdiction due to an allegedly defective indictment is a state law issue, and it is not for this Court to determine such issues of state law. Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) [providing a federal habeas court may not evaluate petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, and not the Constitution or law or treaties of the United States]; see also Pulley v. Harris, 465 U.S. 37, 41(1984) ["A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."]; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL



4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

In any event, the South Carolina Supreme Court noted in <u>Winns v. State</u>,

> that our decision in this case is consistent with the recently published opinion of <u>State v. Gentry</u>, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. <u>See</u> S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In <u>Gentry</u>, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." <u>Gentry</u>, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his indictment is not even a subject matter jurisdiction claim. <u>See</u> <u>Madden v. Warden</u>, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of <u>Gentry</u>]; <u>State v. Means</u>, 626 S.E.2d 348, 352 (S.C. 2006)[same]; <u>see also</u> <u>Mazyck v. Knowlin</u>, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; <u>Evans v. State</u>, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Even with respect to Petitioner's claim that the indictment was "defective", the "sufficiency of an indictment or information is [also] primarily a question of state law". <u>Tapia v. Tansy</u>, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting <u>Franklin v. White</u>, 803 F.3d 416, 418 (8th Cir.



1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991).  Deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989).  There is no evidence of any such deficiency in this case.  The PCR court addressed Petitioner's challenge to his indictments and found them to be without merit; (R.p. 284);[5] and there is nothing in the indictments provided to this Court to challenge this finding, or to show that Petitioner's federal due process rights were violated.  Ashford, 780 F.3d at 407.  Therefore, there  is no basis in the record before this Court on which to find a federal due process violation.  State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]; Johnson, 930 F.2d at

---

[5]Petitioner also raised an ineffective assistance of counsel claim based on the indictments, which the PCR court also found was without merit.  (R.p. 282).



447, <u>cert.</u> <u>denied</u>, 502 U.S. at 890 ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."].

        Therefore, because Ground Fifteen is not a cognizable issue for federal habeas review, Respondent is entitled to summary judgment on this ground.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; <u>Thompson</u>, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; <u>Dew</u>, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; <u>Shepler v. Evans</u>, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1077 (2000).

        Finally, with regard to Ground Sixteen[6] concerning alleged error by the PCR court, this allegation concerns infirmities in Petitioner's state PCR proceeding.  As previously discussed, such alleged infirmities do not constitute a basis for federal habeas relief.  <u>See</u> discussion, <u>supra</u>; <u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir.1995), <u>cert. denied</u>, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."].  Therefore, Ground Sixteen is without merit.

---

[6]Respondent did not address Petitioner's Ground Sixteen, apparently having overlooked it. However, as is discussed hereinabove, it is without merit.



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.[7]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 30, 2015
Charleston, South Carolina

_____

[7]Petitioner filed a motion for an evidentiary hearing on August 31, 2015.  See Court Docket No. 69.  The Court has denied Petitioner's previous motions for evidentiary hearings; see Court Docket Nos. 48, 66; and does not find any change in circumstances which entitles Petitioner to an evidentiary hearing.  Therefore, Petitioner's latest motion is also **denied**.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

