**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Warren Russell, #316802, ) | |
| ) | Civil Action No.: 9:14-cv-04035-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Reynolds, ) | |
| Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Warren Russell ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel. (ECF No. 1). Petitioner is currently incarcerated at the Lee Correctional Institution within the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 36).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On October 30, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and dismiss the Petition. (ECF No. 75). This review considers Petitioner's Objection to the Report and Recommendation ("Objections"), filed November 9, 2015. (ECF No. 78).

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 75). The court will only recite herein facts pertinent to the

1

analysis of Petitioner's Objections.

In June 2007 and February 2008, the Richland County Grand Jury issued indictments charging Petitioner with assault with intent to kill (AWIK); discharging a firearm into a dwelling; possession of a weapon during the commission of a violent crime; four counts of assault and battery with intent to kill (ABWIK); blackmail; three counts of kidnapping; and possession with intent to distribute crack cocaine. (ECF No. 75 at 2). On February 25, 2008, Petitioner proceeded to a jury trial on his charges. (*Id.*). On February 28, 2008, the jury indicated that it was deadlocked as to all but one of the charges. (*Id.*) After the jury returned to deliberate, Petitioner entered into a plea agreement, in which he pleaded guilty to three counts of ABWIK, three counts of kidnapping, blackmail, and possession with intent to distribute crack cocaine, second offense. (*Id.*) His remaining charges were then *nolle prosequi* by the State. (*Id.*) Petitioner did not file a direct appeal of his conviction and sentence. (*Id.* at 3).

Subsequently, on November 5, 2008, Petitioner, filed an Application for Post-Conviction Relief ("PCR"). After obtaining counsel, Petitioner filed an amendment to his PCR application detailing further claims for review. (*Id.*) The PCR application was dismissed on February 4, 2011, following an evidentiary hearing. (*Id.*) Petitioner filed several post-trial motions, which were dismissed via written order on October 10, 2012, following a supplemental hearing. (*Id.*) Petitioner, through counsel, filed a motion to alter or amend the order of dismissal. (*Id.*). The motion to alter or amend was denied. Petitioner, after receiving permission to proceed *pro se*, timely filed a petition for writ of certiorari raising seventeen issues. (*Id.* at 4-5). On October 8, 2014, the South Carolina Supreme Court denied the petition.

Petitioner filed the instant habeas Petition on October 13, 2014, alleging sixteen grounds for relief: (1) ineffective assistance of counsel for failure to file a direct appeal—Petitioner's

2

waiver of appellate rights was not knowing and intelligent; (2) ineffective assistance of counsel for failing to object and preserve for appeal the guilty verdict reached by the jury on one of the counts; (3) ineffective assistance of counsel for failing to preserve for appeal the jury's revelation of its numerical division and disagreement after the first *Allen* charge; (4) ineffective assistance of counsel for failing to object to the trial court's ex parte communication with the sole hold-out juror; (5) ineffective assistance of counsel for failing to object to the trial court's unconstitutional reading of a second *Allen* charge to the jury; (6) ineffective assistance of counsel for failing to object to the trial court's initiation of the plea agreement and amount of time to be served; (7) ineffective assistance of counsel for failing to object to the court's failure to advise Petitioner regarding the community supervision program; (8) ineffective assistance of counsel for failing to object to the State's presentation of known perjured testimony; (9) ineffective assistance of PCR counsel for failing to sufficiently and adequately raise Petitioner's meritorious issues for a belated direct appeal; (10) ineffective assistance of counsel for failing to make sure the record reflected an adequate factual basis for the plea instead of permitting the trial court to incorporate the trial record; (11) ineffective assistance of counsel for failing to object to the successive prosecution of Petitioner, once by way of jury verdict at trial, and the second time by way of the court's initiation of the plea on the same count; (12) ineffective assistance of counsel for failing to object to the trial court's decision to not call a mistrial due to the deadlocked jury; (13) ineffective assistance of counsel for failing to challenge the lack of probable cause for the initial warrantless arrest; (14) ineffective assistance of counsel for making impermissible prejudicial statements to the jury in closing argument; (15) ineffective assistance of counsel for failing to object to the defective indictment; and (16) PCR court abused its discretion when it set aside Petitioner's default judgment. (ECF No. 1 at 6-11, ECF No. 1-1). On March 2, 2015, Respondent filed a Motion for

Summary Judgment along with a Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 36, 37). Petitioner filed a response in opposition on May 7, 2015. (ECF No. 52).

On October 30, 2015, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 75.) Petitioner timely filed his Objections on November 9, 2015. (ECF No. 78).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841

4

(4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Though Petitioner filed extensive Objections to the Magistrate Judge's Report, none of Petitioner's objections refer to a specific factual or legal error made by the Magistrate Judge. As to Ground One, the Magistrate Judge determined that Petitioner could not demonstrate that he asked his trial counsel to file an appeal or that he had any meritorious issues to present on appeal. As a result, the Magistrate Judge determined that the PCR court properly applied the law in denying Petitioner relief on that ground.  Petitioner has not alleged that the Magistrate Judge's determination as to Ground One was not supported by the factual record, nor has Petitioner alleged that this determination is contrary to legal precedent.

The Magistrate Judge determined that Grounds Five, Eight, and Thirteen were waived when Petitioner entered a guilty plea.  The Magistrate Judge concluded that although Ground Eleven was not waived when Petitioner entered a guilty plea, double jeopardy is not applicable in this case because Petitioner was not tried or convicted twice.  Petitioner decided to enter a guilty plea before knowing on which charge the jury had reached a verdict. Thus, the Magistrate Judge determined that Ground Eleven is not a meritorious claim.  Petitioner's Objections do not indicate that the Magistrate Judge erred in determining that Grounds Five, Eight, and Thirteen were waived.

5

Petitioner also does not allege that the Magistrate Judge's conclusion as to Ground Eleven is contrary to federal law.

The Magistrate Judge determined that Grounds Two, Three, Four, Six, Seven, Ten, Twelve, and Fourteen were not properly exhausted in state court, so they are procedurally barred. Further, the Magistrate Judge determined that Petitioner could not demonstrate cause for the procedural default. Even though Petitioner alleged that his PCR counsel was ineffective, the Magistrate Judge determined that the allegation of ineffectiveness could not constitute "cause" in this instance because Petitioner's underlying claims are not substantial. As a result, Petitioner cannot overcome the procedural bar. Although Petitioner has alleged that the Magistrate Judge's determination is "an unreasonable factual determination that is wrong by clear and convincing evidence," (ECF No. 78 at 36), Petitioner does not point to a specific error in the Magistrate Judge's reasoning that would trigger a *de novo* review by this court as to Petitioner's objection.

The Magistrate Judge determined that Grounds Nine, Fifteen, and Sixteen are not cognizable on federal habeas review. Petitioner has not alleged that the Magistrate Judge's conclusions as to these grounds are contrary to federal law or otherwise unsupported by the record in this case.

Accordingly, because Petitioner's objections are non-specific, this court is not required to conduct a *de novo* review. This court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court has reviewed the record and the Report and does not find clear error except as to Ground Six. As a result, the court is required to conduct a *de novo* review of Ground Six.

6

**GROUND SIX**

In Ground Six, Petitioner asserts that trial counsel was ineffective for failing to object to the trial court's initiation of the plea agreement and amount of time to be served. The Magistrate Judge determined that Ground Six was procedurally barred because the issue was not exhausted in the state courts. Specifically, the Magistrate Judge noted that it was not properly preserved for appeal because the PCR court did not address the issue in its order of dismissal.

As a threshold matter, this court finds that Petitioner did properly preserve the issue raised in Ground Six for review. Prior to seeking habeas corpus relief, a petitioner is required to exhaust his state court remedies by presenting his claims to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." *Baker v. Corcoran*, 220 F.3d 276, 290-91 (4th Cir. 2000). In order to give a state court a fair opportunity to review any claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In South Carolina, a ruling by a PCR court is a final judgment. S.C. Code § 17-27-80 (2014). Even where a PCR court ruling does not specifically address an issue raised, a petitioner may preserve the issue for appellate review by filing a motion to alter or amend pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Further, a petitioner has the option to file a petition for writ of certiorari in order to have that final judgment reviewed by the Supreme Court of South Carolina. S.C. Code § 17-27-100 (2014). Following a

ruling by a PCR court, any claims a petitioner raises in an appeal to the Court of Appeals or Supreme Court of South Carolina will be deemed exhausted for the purpose of federal habeas review. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).

Here, the court finds that Petitioner invoked one complete round of the appellate review process in the state courts. Petitioner raised the issue in his amended PCR application. Although the trial court did not address the issue raised in Ground Six in its order of dismissal, Petitioner, through counsel, filed a motion to amend requesting that the court specifically address the issue. (ECF No. 37-2 at 172). Petitioner also raised the claim in his petition for writ of certiorari. Thus, despite the state court's failure to address Petitioner's claim on the merits, he properly preserved the claim for review and Ground Six is not procedurally barred. Therefore, the Magistrate Judge should have reviewed Ground Six *de novo*. *See Winston v. Kelly*, 592 F.3d 535, 556 (4th Cir. 2010) (noting that where a state court has declined to opine on the merits of a claim properly before the court, the claim is deemed exhausted, and deference to the state court's judgment in that instance is inappropriate).

Petitioner asserts that his trial counsel was ineffective for failing to object to the trial judge's initiation of the plea agreement. Petitioner further asserts that his trial counsel was ineffective for failing to object to the imposition of Petitioner's sentence. To prove ineffective assistance of counsel, a petitioner must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Id.* at 687. This test applies not

only to an attorney's performance at trial, but also to a claim that counsel was ineffective during the entry of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

First, "a trial judge may participate in the plea bargaining process if he follows guidelines to minimize the fear of coercion." *Medlin v. State*, 280 S.E.2d 648, 648 (S.C. 1981). There is no indication in that record that the trial judge coerced Petitioner into accepting a plea. Further, there is no real indication from the record that the trial judge participated in the plea negotiations. The record reveals that following a bench conference on February 28, 2008, the trial judge asked "is it correct that the Defendant wishes to change his plea from not guilty to guilty on each of the eight indictments?" (ECF No. 37-1 at 69). Petitioner responded in the affirmative. (*Id.* at 70). At that time, the jury was still deliberating, and the trial judge ensured that Petitioner was aware that he had the option to wait for the jury to finish deliberating. (*Id.* at 80). The trial judge further informed Petitioner that he could continue with the trial, but Petitioner reaffirmed that he wanted to forego his trial rights and enter a plea of guilty. (*Id.*) Additionally, the trial judge asked whether there were any other recommendations or negotiations other than what the state put on the record, but trial counsel and Petitioner indicated that there were none. (*Id.* at 70-71, 80). At no point during the plea colloquy did the trial judge make any recommendations with respect to Petitioner's plea agreement with the state. It appears to this court that the attorneys merely informed the trial judge that Petitioner wanted to change his plea, and the trial judge properly confirmed that change of plea on the record. Thus, Petitioner's trial counsel was not required to object to the trial judge's plea colloquy.[1]

---

[1] Although the Magistrate Judge concluded that Ground Six was procedurally barred, this court does acknowledge that the Magistrate Judge properly determined that Ground Six is not meritorious because Petitioner has not presented any "cogent argument to show coercion by the trial judge in this case." (ECF No. 75 at 19-20).

Second, though it is not clear from the pleadings, it seems that Petitioner contends that because he entered a guilty plea, the amount of time served should have been dictated by the agreement. This assertion is not correct. The circuit court has broad discretion to sentence a defendant within the statutory limits. *See Brooks v. State*, 481 S.E.2d 712, 713 (S.C. 1997). The record reveals that Petitioner's sentence was within the statutory limits. Further, there is no indication, and Petitioner does not allege, that any judicial bias contributed to the sentence he received. Thus, Petitioner's trial counsel was not required to object to the trial judge's imposition of a sentence within the statutory limits.

Accordingly, this court does not find that trial counsel's performance was deficient. Thus Petitioner has not met his burden under *Strickland* to demonstrate that his trial counsel was ineffective. Therefore, Respondent is entitled to summary judgment as to Ground Six.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 75). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 36) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 23, 2016
Columbia, South Carolina

11